UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHARAOH PHILLIPS, | ) | CASE NO. 5:12CV1997 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James R. Knepp II (Doc. No. 24) with respect to plaintiff's request for judicial review of defendant's denial of his claim for supplemental security income benefits ("SSI") and for remand to the Administrative Law Judge ("ALJ") for further proceedings. Plaintiff filed an objection to the R&R (Doc. No. 25) and defendant filed a response to the objection (Doc. No. 26).  Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's sole objection, accepts the R&R, denies plaintiff's motion to remand, and dismisses this case.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for SSI benefits on April 7, 2009, alleging a disability onset date of January 1, 2008, due to asthma, injured feet, chronic obstructive pulmonary disease (COPD), emphysema, and depression. (Transcript ["Tr."] 204, 224, 250.)[1] His application was denied initially and upon reconsideration. (Tr. 173, 179.) On plaintiff's request, a hearing was conducted

---

[1] All page references are to the PageID # in the relevant document.

before an ALJ, with plaintiff represented by counsel. (Tr. 101.) A vocational expert ("VE") testified at the hearing, as did plaintiff's sister. On March 24, 2011, the ALJ issued a decision affirming the denial of benefits finding plaintiff not disabled. (Tr. 81.) Plaintiff timely appealed. Subsequently, plaintiff developed colon cancer and submitted additional medical records to the Appeals Council. (Tr. 283.) After review of the additional evidence, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final. (Tr. 58.)

Plaintiff timely filed the instant action under 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the administrative determinations. Plaintiff, represented by counsel, filed a motion to remand (Doc. No. 19) and a brief on the merits (Doc. No. 20); defendant filed a response brief on the merits (Doc. No. 21); and plaintiff filed a reply (Doc. No. 23).

On July 19, 2013, Magistrate Judge Knepp issued his R&R. (Doc. No. 24.)

## II. STANDARD OF REVIEW

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). It is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley*). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have

2

resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### III. DISCUSSION

Plaintiff raises the following single objection to the R&R: "Plaintiff hereby specifically objects to the Magistrate Judge's finding that the ALJ properly weighed the treating physician opinion of Charles Dhyanchand, M.D." (Doc. No. 25 at 500.) In light of this objection, the Court will conduct a de novo review of the ALJ's treatment of Dr. Dhyanchand's opinion.

The ALJ found as follows:

> On February 7, 2011, Dr. Charles Dhyanchand completed a form entitled "Medical Statement Regarding Peripheral Arterial Disease." He checked several boxes, which indicated that certain signs/symptoms were present. For example, he noted that intermittent claudication was present in both the left and right legs. In addition, he noted that reduced or absent pulse in extremity was present in both legs. Further he noted that foot numbness was present in both feet. Based upon these alleged signs/symptoms, Dr. Dhyanchand opined that Mr. Phillips is limited to working only 2 hours per day. He also opined that during the two hours, Mr. Phillips is limited to standing for only 30 minutes at a time and sitting for only 50 minutes at a time. He further opined that Mr. Phillips could not lift more than 10 pounds occasionally and only 5 pounds frequently. Lastly, he opined that Mr. Phillips would need to elevate his legs frequently during an 8-hour workday. (14F). The opinion of Dr. Dhyanchand is given little weight because it is conclusory and is not supported by the record. There are no records from Dr. Dhyanchand's office, for example, indicating that claudication or numbness are present (11F). In addition, it is noted that Dr. Dhyanchand is not a specialist in this area. Lastly, the record discloses a very short treatment relationship between Dr. Dhyanchand and Mr. Phillips for this particular impairment.

(Tr. at 91-92.)[2]

Plaintiff argues that, measured against the analytical standards in *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375-76 (6th Cir. 2013), the ALJ's decision "fell woefully

---

[2] Exhibit 14F, the form completed by Dr. Dhyanchand, is in the Transcript beginning at page 387. The doctor's treatment records relating to plaintiff, Exhibit 11F, begin at page 355.

3

short of what the regulations require." (Doc. No. 25 at 502.) He argues that the ALJ made no initial finding as to the controlling weight to be given to Dr. Dhyanchand, but rather "collapsed the 'weight analysis' into one step, concluding that Dr. Dhyanchand should receive 'little weight' in part because he was not a cardiologist and had a short treatment relationship with Plaintiff." (Doc. No. 25 at 502.) Plaintiff argues that the court in *Gayheart* held that the factors prescribed by 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6) (and the parallel regulation that is applicable in the instant case -- §§ 416.927(c)(2)(i)-(ii), (3)-(6)),[3] including specialization and

---

[3] Section 416.927 of Title 20 of the Code of Federal Regulations provides, in relevant part:

> (c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
>     (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
>     (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. *If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.* When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.
>         (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
>         (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain. When the treating source has reasonable knowledge of your impairment(s), we will

length of treatment, "are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376. Plaintiff further argues that the failure of the ALJ to conduct a proper controlling weight analysis requires remand. (Doc. No. 25 at 502) (citing *Gayheart*, 710 F.3d at 377 ("[t]he failure to provide 'good reasons' for not giving [the treating physician's] opinions controlling weight hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation")).

In *Gayheart*, the court noted that the relevant regulations "'provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker.'" *Id*. at 375 (quoting Soc. Sec. Rul. No. 96-6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996)). The court explained the analytical process as follows:

> The source of the opinion therefore dictates the process by which the Commissioner accords it weight. Treating-source opinions must be given

---

give the source's opinion more weight than we would give it if it were from a nontreating source.
  (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.
  (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
  (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
  (6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical opinion.

20 C.F.R. § 416.927 (emphasis in (c)(2) added).

5

> "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on the length, frequency, nature, and extent of the treatment relationship, *id*., as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence, *id*. § 404.1527(c)(2)-(6).
>
> The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. *Id*. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

*Id.* at 376. However, failure to comply with the "good reason" requirement may be deemed harmless error if "'(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; . . . or (3) where the Commissioner has met the goal of [the regulation] . . . even though [he] has not complied with the terms of the regulation.'" *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (quoting *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004))). As noted by the court in *Friend*, the goal of the "good reason" requirement is "the provision of the procedural safeguard of reasons[.]" *Friend*, 375 F. App'x at 551.

Here, the ALJ supplied reasons for giving Dr. Dhyanchand's opinion little weight: that it was "conclusory and . . . *not supported by the record*." (Tr. at 92, emphasis added.) When the latter is coupled with the ALJ's conclusion that "[t]here are no [office or treatment] records" (*id*.) to support certain claimed physical conditions, this is the functional equivalent of a determination by the ALJ that the treating physician's opinion (expressed in mere check marks

6

on a form) need not be given controlling weight under the regulation because it was *not* "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and *was* "inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 416.927(c)(2). In other words, the opinion of Dr. Dhyanchand was so "patently deficient" that it could not be credited.[4] *Cole*, 661 F.3d at 940; *see also Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (even though "medical opinions and diagnoses of treating physicians are entitled to great weight[,]" "the ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation'") (quoting *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984)). Further, although the ALJ's articulation of his reasons was very brief, it was clear and made specific reference to exhibits in the record by way of support.[5] Finally, although plaintiff argues that the ALJ failed to make a controlling weight determination *before* he applied the factors of specialization of the source and length of the treatment relationship, this is not so, as revealed by a simple review of the ALJ's opinion: the declaration that Dr. Dhyanchand's opinion would be given little weight was made prior to the

---

[4] Plaintiff also relies upon *Kirven v. Colvin*, No. 5:12 CV 1727, 2013 WL 3766590 (N.D. Ohio July 16, 2013), where another judge of this court, applying *Gayheart* and adopting the reasoning in a magistrate judge's R&R, concluded that the ALJ had improperly collapsed the weight analysis into one step. The court in *Kirven* held that "[t]he failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason[s] for not giving controlling weight constitutes a lack of substantial evidence even if the decision of the ALJ may be justified based on the record." *Id.* at *6 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)). The problem with plaintiff's comparison is that the opinion of the treating physician in *Kirven* was considerably more extensive than in the instant case. In *Kirven*, the treating physician had three documented, detailed evaluations of the plaintiff upon which he based his disability determination. Nonetheless, the ALJ improperly failed to afford that treating physician's opinion "controlling weight," because, in the ALJ's view, it was inconsistent with treatment notes. Here, the issue is not inconsistency of treatment notes with a diagnosis; the issue is complete lack of treatment notes to support the diagnosis.

[5] Upon independent review of Dr. Dhyanchand's treatment notes, this Court reaches the same conclusion as that of the ALJ, namely, that the doctor's notes reveal nothing that could have warranted his extreme diagnosis and conclusion regarding plaintiff's abilities. The fact that the ALJ cited but one example (lack of records "indicating that claudication or numbness are present (11F)" (Tr. at 92)) does not diminish the ALJ's conclusion.

additional conclusions that he was not a specialist and had a short treatment relationship with plaintiff.

## IV. CONCLUSION

For the reasons discussed above, plaintiff's sole objection to the R&R is overruled. The R&R is accepted. Because the Commissioner's decision to deny SSI benefits was supported by substantial evidence, that decision is affirmed, plaintiff's motion to remand is denied, and this case is closed.

**IT IS SO ORDERED**.

Dated: September 16, 2013

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**